[S. F. No. 3810.    Department Two.—June 28, 1904.]

W. D. JAMESON, Respondent, v. SIMONDS SAW COM-
    PANY et al., Defendants; SIMONDS MANUFACTUR-
    ING COMPANY, Appellant.

APPEAL—CLERK'S JUDGMENT BY DEFAULT—REMEDY BY MOTION—MOTION
    TO DISMISS APPEAL.—An appeal may be taken from a judgment by
    default entered by the clerk, and the existence of a remedy by
    motion in the superior court to set it aside, if irregular or void,
    cannot affect the right of appeal or justify a motion to dismiss the
    appeal.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Charles E. Naylor, and William P. Hubbard, for Appellant.

William J. Herrin, for Respondent.

HENSHAW, J.—This action was by plaintiff against the defendants jointly to recover a sum of money as damages for defendants' breach of contract in the employment of plaintiff as a salesman. The defendant Simonds Saw Company was served with summons and appeared. The Simonds Manufacturing Company was also served, and appeared specially, for the purpose of quashing the service of summons. The court denied the motion, and defendant Simonds Manufacturing Company declined to plead. The clerk then entered judgment against that defendant, and from that judgment it appeals.

Plaintiff moves to dismiss the appeal, contending that the judgment so rendered is not a final judgment, and that if its entry by the clerk was irregular and improper, defendant's only redress is by a motion in the trial court to set it aside. No doubt may be entertained but that such a motion may properly be made, but this is not the only form of redress open to defendant. Nor is it necessary upon this motion to determine whether or not the action of the clerk in entering judgment by default was legal or void. If legal, within the contemplation of sections 414 and 585 of the Code of Civil Procedure, then clearly the judgment as to the defaulting defendant is a final judgment, and from such final judgment he has his right of appeal. Upon the other hand, if the action of the clerk should eventually be declared illegal and void, nevertheless there is against the defendant a judgment in form equally final and conclusive, and his right to appeal is not abridged by reason of the fact that he might also move the trial court to vacate it and set it aside.

The motion to dismiss is denied.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.