[Civ. No. 4183. Second Appellate District, Division One.—July 3, 1923.]

## FLORA H. KENNARD, Respondent, v. GEORGE A. BINNEY et al., Appellants.

[1] MORTGAGES—FORECLOSURE—PLEADING—DESCRIPTION OF PROPERTY— VARIANCE—JUDGMENT.—In an action to foreclose a mortgage, an allegation in the complaint to the effect that the water rights connected with the mortgaged premises were exchanged for certain water stock and that such stock is covered by the mortgage is not surplusage, notwithstanding the mortgage, which is annexed to the complaint as an exhibit, does not mention such stock, but refers only to the premises and the water rights; and such complaint is sufficient, as against a general demurrer, to support a judgment declaring a lien upon both the land and such water stock.

[2] ID. — WATER STOCK APPURTENANT TO LAND — APPEAL — RECORD — PRESUMPTION.—Where the record on appeal in such action does not contain a copy of the shares of stock, and there is nothing in the record to indicate whether they were issued in the ordinary manner prescribed for the issuance of shares of stock by corporations, in which event they would be personal property, or whether they were issued in compliance with the provisions of section 324 of the Civil Code, in which event they would become appurtenant to the land, it must be presumed, in support of the judgment of the trial court declaring a lien upon both the land and the stock, that such stock was issued in such a manner that it became appurtenant to the land.

[3] ID.—DEFAULT—PRAYER—JUDGMENT.—Although the judgment was by default, the water stock having been appurtenant to the land, the trial court was authorized to enter a judgment for the foreclosure of the lien upon both the land and the stock under the prayer of the complaint asking for a sale of the "land and premises."

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clark, Law & Clay for Appellants.

Charles S. Davis for Respondent.

CURTIS, J.—This action was instituted to foreclose a mortgage executed by the defendants, George A. Binney and Jennie I. Binney, his wife. These defendants interposed a demurrer to the complaint which was overruled and upon their failure to answer judgment by default was rendered against them. The transcript on appeal contains no copy of defendants' demurrer, but it is conceded by each party to the action that it was a general demurrer. The complaint contained the following allegation: "That on the 22d day of March, 1912, this plaintiff and her husband, E. O. Kennard, by grant deed for a consideration of twenty-five thousand ($25,000.00¢) dollars sold and delivered to George A. Binney and Jennie I. Binney his wife the herein mortgaged premises and certain water and water rights, which water and water rights were afterwards represented by and converted into thirty shares of the Glendora Consolidated Mutual Irrigating Company stocks of a value of three thousand ($3,000.00¢) dollars, and two shares of Cienega Springs stock with a value of two hundred ($200.00¢) dollars, and at the same time and place the said purchasers gave back a purchase money mortgage to said Flora H. and E. O. Kennard covering the same premises in question and the said thirty shares of Glendora Consolidated Mutual Water Company stocks and the two shares of Cienega Springs stock."

A copy of the mortgage was annexed to the complaint as an exhibit and the mortgaged property was described therein as follows: "The south 10 acres of the east one-half of the southeast quarter of the southeast quarter of section 30, township 1 north, range 9 west, S. B. M., including all buildings and improvements thereon or that may be erected thereon; together with all and singular the tenements, hereditaments and appurtenances, water and water rights, pipes, flumes, and ditches thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof."

The court in the decree of foreclosure found the amount due on the note and adjudged the same to be a valid lien upon the ten acres of land above described, and upon "Thirty shares of Glendora Consolidated Mutual Irrigation

Company water stocks, and two shares of Cienega Springs Company water stocks."

Defendants appeal from the judgment and advance two reasons why the same should be reversed: First, that there is no allegation in the complaint warranting the court ordering the sale of said water stock; and secondly, that the prayer of the complaint fails to ask for the sale of the water stock.

[1] Appellants' first contention is that the complaint, having set out the mortgage in full, any allegation therein contrary to the terms of the mortgage to the effect that the shares of water stock were covered by the mortgage is surplusage, that the same must be so regarded by the court, and that such an allegation cannot support a judgment based thereon.

In *Linz* v. *McIver & Becker,* 29 Cal. App. 470 [156 Pac. 1000], the court said: "The general allegations of the complaint were sufficient . . . to charge the defendant [Becker] as an individual maker of the promissory note sued upon. The complaint, however, contains a copy of the note, which shows that defendant Becker signed his name thereto as a member of the firm of McIver & Becker and not as an individual maker thereof. The only question involved upon this appeal is whether the variance between the general allegation of the complaint and the face of the note is fatal to the plaintiff's judgment. The rule in this state is that a variance between the direct allegations of a complaint and a copy of an instrument set forth therein, or an exhibit attached thereto, can be successfully attacked only by special demurrer, and cannot be taken advantage of by general demurrer. (*Mendocino County* v. *Morris,* 32 Cal. 145.) In the case of *Blasingame* v. *Home Ins. Co.,* 75 Cal. 633 [17 Pac. 925], the appellant therein relied for a reversal of the judgment upon a variance between a direct allegation of the complaint as to the identity of a person to whom a policy of insurance was payable, and an apparently contrary statement in the copy of the policy set forth in the complaint. The court there held that the complaint was sufficient to support the judgment when tested by a general demurrer." To the same effect is *San Francisco Sulphur Co.* v. *Aetna Indem. Co.,* 11 Cal. App. 695–698 [106 Pac. 111]. From these authorities, and there seems to be none holding a contrary rule, it is

apparent that the complaint is sufficient to support the judgment.

The further objection is made to the judgment that, being a judgment on default, it grants relief in excess of the prayer of the complaint, in that the prayer of the complaint only asks for a sale of the "lands and premises," while the judgment decrees a sale of the land described in the mortgage, being the ten-acre tract hereinbefore described, and "thirty shares of Glendora Consolidated Mutual Irrigation Company water stocks, and two shares of the Cienega Springs Company water stocks." Appellants argue that as the prayer of the complaint asks only for the sale of the "lands and premises," and there is no allegation in the complaint that the water stock is appurtenant to the land, that it will be assumed that the water stock referred to is that of a private corporation which is personal property and not appurtenant to the land unless issued as required by section 324 of the Civil Code. With this contention of appellants we cannot agree. **[2]** Upon the facts stated in the complaint, the stock was appurtenant to the land, Every presumption must be in favor of the regularity of the proceedings upon which the judgment is based and of the validity of the judgment, and where any error is claimed, it is the duty of the appellant to produce the record clearly showing such error. (*United States Film Co.* v. *United States Fidelity etc. Co.*, 44 Cal. App. 227–229 [186 Pac. 364].) In the present case the record contains no copy of the shares of stock of the water companies involved herein, and there is nothing to indicate from the record before us whether they were issued in the ordinary manner prescribed for the issuance of shares of stock by corporations, in which event they would be personal property, or whether they were issued in compliance with the provisions of section 324 of the Civil Code, whereby they would become appurtenant to the land. Under such a condition of the record it is our duty, in support of the judgment, to presume that they were issued in the manner which made them appurtenant to the land. (*Woodstone M. & T. Co.* v. *Dunsmore etc. Co.*, 47 Cal. App. 72–78 [190 Pac. 213].) **[3]** If the water stock was appurtenant to the land, then it was a part and parcel thereof and would pass by a conveyance thereof, whether mentioned in the conveyance or not. This being true, it would be unnecessary to refer to

them specifically in the prayer of the complaint, after having asked that the "land and premises" be sold. The water stock would be as much a part of the "land and premises" as the buildings thereon, or any other appurtenances.

There appears to be some confusion in the use of the names of the water companies whose shares of stock are involved in this action. In some instances the Glendora Consolidated Mutual Irrigation Company is referred to as the Glendora Consolidated Mutual Irrigating Company and in others as the Glendora Consolidated Mutual Water Company, and the Cienega Spring stock is referred to as the Cienega Springs Company water stocks, Cienega Springs water stocks, and the Cienega Springs Water Company stocks, but in our opinion these irregularities do not invalidate the judgment.

We find no errors in the record sufficient to justify a reversal of the case and therefore the judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.