[Civ. No. 4232.   Fourth Dist.   July 12, 1951.]

IMPERIAL VALLEY BOX COMPANY (a Corporation), Respondent, v. WILLIAM P. REESE, Appellant.

Leslie L. Burr for Appellant.

Whitelaw & Whitelaw for Respondent.

BARNARD, P. J.—This is an appeal from a judgment awarding the plaintiff payment for certain materials used in the erection of two school buildings.

In December, 1948, the defendant entered into an agreement with one T. F. Benson.  After reciting that the defendant was a licensed contractor, that he was about to bid on certain contracts for buildings to be erected, that he needed skilled assistance and that Benson was skilled in building construction, this agreement provided that Benson was to make all purchases of material and hire all labor for the contracts entered into; that accounts were to be kept, and checks signed by both parties and by a named accountant; that the defendant was to receive 5 per cent of the gross amount of all contracts entered into; and that Benson, in lieu of salary, was to have any remaining profits earned on such contracts.

In January and February, 1949, the defendant was awarded

the two construction contracts here involved. These contracts were duly recorded, together with the statutory bonds. Notices of completion of the work were filed on April 9, and April 15, 1949.

The material in question was purchased by Benson from the plaintiff and was used on these school jobs. It was charged to Benson on the plaintiff's books and the invoices showed his name and the job to which it was delivered. The plaintiff had no knowledge of the agreement between the defendant and Benson until July 12, 1949. In this action which followed, the court found that within two years last past the defendant became indebted to the plaintiff upon an open book account for materials sold and delivered to him at his request for these two school jobs in the total amount of $1,486.59. It further found that the defendant, as a general contractor, caused these materials to be supplied for construction work on these school jobs; that said materials were ordered by the defendant's agent Benson, and delivered to and used on said jobs for the benefit of the defendant; that demand had been made on the defendant for payment; and that no part of said sum has been paid and the whole is now due, owing and unpaid. Judgment was entered and the defendant has appealed.

The appellant contends that the court erred in admitting certain evidence of the items furnished since it disclosed that those items were charged to Benson; and that the facts of this case bring the parties within the rule that where one of two innocent persons must suffer by the act of a third, the one by whose negligence it happened must be the sufferer (Civ. Code, § 3543). It is argued that the respondent sold these goods to Benson and charged them to him on its books; that it neglected to file a notice of mechanic's lien until after the expiration of the time within which this could be done; and that it conclusively appears that the appellant was not an undisclosed principal, since the recording of the construction contracts gave constructive notice that the buildings were being erected by him. The appellant particularly relies on the case of *Rigney* v. *De La Salle Institute*, 10 Cal.App.2d 492 [52 P.2d 579]. In that case, it was held that the materialmen had a right to assume that the person buying the goods was an independent contractor so long as they knew nothing of the employment agreement between that person and the owner of the building, and that when the fact of such agency was disclosed to them they could then look to the principal unless some other element had intervened which prevented a

recovery from the principal. It was then held that such an element had there intervened, since it affirmatively appeared that credit had been exclusively extended to the agent, without regard to whether he was an agent or an independent contractor. This was shown by several facts, including the fact that the materialmen had given the agent lien waivers and receipts for amounts in excess of what was coming to them, in order to enable the agent to get money he needed for other purposes not connected with the job in question.

The general rule is well settled that where one deals with another whom he believes to be the principal, but subsequently learns that the other was an agent of an undisclosed principal, he may recover from either. That situation appears here, and there is no intervening element which prevents the application of the usual rule. The fact that these materials were charged to Benson, and that an effort was made to collect from him, would not be sufficient to demonstrate that exclusive credit had been extended to him personally. While the respondent had constructive notice, through the recording of the building contracts, that the appellant held the general contracts it had no notice, constructive or otherwise, that Benson was acting as the appellant's agent. The respondent was entitled to assume that Benson was an independent contractor or subcontractor (*Rigney* v. *De La Salle Institute,* 10 Cal.App.2d 492 [52 P.2d 579]), and nothing was known to the respondent which would disclose or in any way indicate the true situation. Under the facts shown by the evidence Benson was the undisclosed agent of the appellant who directly authorized him to buy these materials for use on these jobs, and the usual rule applies.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied August 2, 1951, and appellant's petition for a hearing by the Supreme Court was denied September 7, 1951.