[Civ. No. 8872. Third Dist. Oct. 25, 1956.]

SAM WAHYOU et al., Respondents, v. CHARLES KIERNAN, Appellant.

Chargin & Briscoe for Appellant.

Forrest E. Macomber and Gordon J. Aulik for Respondents.

PEEK, J.—This is an appeal from a judgment in an action upon an open book account for the cost of meat sold by plaintiffs to defendant.

For many years the defendant Kiernan owned and operated a bar in Stockton called the Tavern. It was located in the same building and immediately adjoining a restaurant commonly known during the period here in question as the Tavern Waffle Shop. A doorway at the rear of the building connected the kitchen of the restaurant with the bar, through which food was served to both establishments. Kiernan had never

personally operated the restaurant, but he did own the furniture and equipment. The state sales tax permit for the restaurant and bar was in his name, and the on-sale liquor license was also in his name. He was billed directly for the utilities for both businesses. In 1951 a Mr. Hemley took over the operation of the restaurant, paying the former operators for the merchandise and stock on hand and agreeing with defendant to pay him 5 per cent of the gross receipts of the restaurant. In addition, Hemley agreed to pay Kiernan the sales tax and utility costs relating to the operation of the restaurant. Thereafter these amounts were computed monthly and paid to Kiernan, who in turn made payment to the state and to the concerns furnishing the utility services. One of plaintiffs' salesmen solicited and obtained the meat account of the Tavern Waffle Shop from Hemley. The defendant did not participate in this transaction and he was never billed nor did he ever pay for meat supplied to the restaurant. Hemley made all payments on the account from his own funds. In the early part of June, 1952, approximately one year after credit was first extended, the credit manager for plaintiffs investigated and ascertained that the sales tax permit for both the restaurant and bar, as well as the on-sale liquor license, stood in the name of defendant. At that time the balance of the account was in the sum of $2,189.22. Plaintiffs made no attempt to contact defendant in regard to the outstanding balance and continued to extend credit in excess of $10,000. In the latter part of 1954, Hemley vacated the restaurant premises on demand of defendant because of his failure to pay defendant the agreed 5 per cent of the gross receipts of the restaurant. At the suggestion of Kiernan some creditors retook merchandise sold to Hemley and did not look to defendant for payment of the balance owing on the accounts carried in Hemley's name.

Thereafter plaintiffs brought action against defendant for the sum of $3,359.01, the balance then due on the account. The complaint alleged, and the trial court found, that the defendant was doing business under the fictitious firm name and style of Tavern Waffle Shop. The case was tried on that theory, and the court impliedly found that Hemley incurred the indebtedness to plaintiffs as the agent of defendant. It is defendant's contention that since he did not manage or supervise the operation of the restaurant, or hire, fire or pay its employees, and since he was not authorized to sign checks drawn on its commercial account, there was an insufficiency of evidence to support the implied finding of agency; and the

fact that the sales tax permit and on-sale license were at all times in Kiernan's name was insufficient to support a finding that he was the principal and owner of the restaurant.

We cannot agree with defendant's contention. The evidence introduced supports the implied finding of agency. ▮ It is true, as noted by defendant, ''Agency is a fact the burden of proving which rests upon the party affirming its existence.'' (*Ewing* v. *Hayward,* 50 Cal.App. 708, 715 [195 P. 970].) ▮ But it is also true, as stated in *Imperial Valley Box Co.* v. *Reese,* 105 Cal.App.2d 401, 403 [233 P.2d 629], ''The general rule is well settled that where one deals with another whom he believes to be the principal, but subsequently learns that the other was an agent of an undisclosed principal, he may recover from either.'' Here the record amply supports the inference that Kiernan had delegated to Hemley the duties of management and operation of the restaurant. How those duties were to be carried out is wholly immaterial under the circumstances. ▮ Again, here as in the Ewing case there was no intervening circumstance such as was present in *Rigney* v. *De La Salle Institute,* 10 Cal.App.2d 492 [52 P.2d 579], which would warrant a conclusion by this court that credit had been extended exclusively to Hemley, and it is only by such a circumstance that the defendant can escape liability under the general rule previously set forth.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied November 19, 1956, and appellant's petition for a hearing by the Supreme Court was denied December 19, 1956.