[Civ. No. 23780.   Second Dist., Div. One.   Dec. 28, 1959.]

J. M. WILDMAN, INC. (a Corporation), Respondent, v. WALTER STULTS et al., Appellants.

Francis T. Cornish for Appellants.

Gallagher, Madden & Hart for Respondent.

LILLIE, J.—Plaintiff brought this action against defendants husband and wife, to recover the deficiency due on the contract price of certain farming equipment after repossession and sale pursuant to the terms of the agreement. Defendant Walter Stults appeared by way of answer; defendant Genie H. Stults defaulted and her default was regularly entered on July 23, 1956. More than two years later, in October of 1958, the cause proceeded to trial and judgment was rendered against both defendants in the sum of $1,293.68, plus interest and attorney's fees. From this judgment they have appealed.

Although Walter Stults is named in the agreement as the sole purchaser, and his is the only purchaser signature thereto, it is alleged in the complaint that defendant Walter Stults "for himself and as agent for the defendant, Genie H. Stults, entered into a conditional sales contract" with the plaintiff for the purchase of the subject equipment in designated installments, and subsequently defaulted in payment thereunder. The answer of Walter Stults denied that "in entering into any contract with plaintiff this defendant acted for and on behalf of defendant, Genie H. Stults." The record, in the form of a settled statement, fails to show that any evidence was introduced to prove the alleged agency, and we can only assume that this failure of proof stemmed from the claimed admissions of Genie in that respect which assertedly resulted from the entry of her default; thus, the settled statement discloses that "no testimony was introduced by Genie H. Stults in contradiction of her admissions resulting from the entry of her default." The only testimony otherwise bearing on the relationship between the defendants was that of Walter Stults who, the settled statement recites, "testified that they were husband and wife, and that the ranching activities for which the equipment was used was upon the land owned by the defendant, Genie H. Stults, and that this ranching operation was a joint activity of Walter Stults and Genie H. Stults."

The trial court made findings that the defendants were and are husband and wife; that defendant Walter Stults entered into the conditional sales contract sued upon; that by the terms of the contract "the defendant" became obligated to make designated payments and that "the said defendant Walter Stults failed to pay . . ."; and that "(a)ll of the material allegations of the complaint have been confessed and admitted by the defaulting defendant Genie H. Stults." No specific finding was made with respect to the complaint's allegation that "Walter Stults, for himself and as agent for the defendant, Genie H. Stults, entered into a conditional

sales contract," nor was there a finding as to the denial by Walter that he there and then acted for or on behalf of his wife. Lastly, there is this general finding: "with reference to the remaining material allegations in the complaint and the answer of defendants (sic) Walter Stults thereto the court finds that all such allegations not found herein to be true or untrue are found to be untrue."

It is agreed that the sole issues on appeal are (1) whether the allegation in the complaint that Walter Stults acted as agent for Genie H. Stults is sufficient upon which to base a judgment against the latter without any testimony of written or oral authority to bind her, and (2) whether under such circumstances a judgment can be obtained against both defendants, or (3) whether the plaintiff is required to elect between the undisclosed principal and the agent.

Preliminarily, it is contended by Mrs. Stults that, despite her default, the default judgment thereafter rendered against her is appealable . (*Gudarov* v. *Hadjieff*, 38 Cal.2d 412 [240 P.2d 621] ; *Jameson* v. *Simonds Saw Co.*, 144 Cal. 3 [77 P. 662] ; *Lemon* v. *Hubbard*, 10 Cal.App. 471 [102 P. 554]). In the Lemon case, *supra*, the court took note of the fact that a default judgment is, in effect, a consent judgment, "yet in this state, under the decision in *Jameson* v. *Simonds Saw Co.*, 144 Cal. 3 [77 P. 662], it is apparent that the judgment would be open to attack by direct appeal *or* by motion to vacate and set it aside. Plaintiff was, therefore, placed in a position where, through an appeal within the time limited by statute, his judgment might be reversed." (Emphasis added.) (Pp. 475, 476.) ▆▆▆ The above holding has never been disapproved; however, more recent cases adhere to the view that the defaulting party must take steps in the trial court to set aside the entry of the default or an appeal will be futile (*Howard Greer Custom Originals* v. *Capritti*, 35 Cal.2d 886, 888 [221 P.2d 937], and authorities therein cited). No such steps were taken by Mrs. Stults. ▆▆▆ "A defendant against whom a default has been entered is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action; he cannot thereafter, until such default is set aside in a proper proceeding, file pleadings or move for a new trial, or demand notice of subsequent proceedings . . . (citing cases) . . . If the judgment were vacated it would be the duty of the court immediately to render another judgment of like effect, and the defendants, still being in default, could not be heard in opposition thereto"

(*Howard Greer Custom Originals* v. *Capritti, supra,* 888, 889, quoting *Brooks* v. *Nelson,* 95 Cal.App. 144, 147-148 [272 P. 610]). It is also suggested on behalf of Mrs. Stults that the judgment included an award of attorney's fees and therefore falls within the rule discussed in *Landwehr* v. *Gillette,* 174 Cal. 654 [163 P. 1018], to the effect that a clerk may only compute and cannot adjudicate. But the cited case and the controlling statute (Code Civ. Proc., § 585) have reference to a default *judgment* and not a *default.* Accordingly, what is said hereinafter with respect to the purported rights of Mrs. Stults on this appeal must be viewed in the light of the rules just mentioned.

Mrs. Stults was not named in the contract, nor did she execute the agreement; hence she was an undisclosed principal. ■ True, where one deals with another whom he believes to be the principal but subsequently learns was acting for an undisclosed principal, he may recover from *either* but he cannot hold *both* (*Imperial Valley Box Co.* v. *Reese,* 105 Cal.App.2d 401, 403 [233 P.2d 629]). ■ This, of course, presupposes the existence of an agency, the establishment of which is indispensable to the liability of the principal (2 Cal. Jur.2d 868); and the burden of proof rests with the party asserting that the agent had authority to enter into the contract (*Wahyou* v. *Kiernan,* 145 Cal.App.2d 443, 445 [302 P.2d 638]). Respondent concedes the validity of the above propositions but seems to contend that the necessary proof was forthcoming by virtue of Mrs. Stults' failure to appear and defend the action; thus, having permitted her default to be entered, it is contended she admitted the truth of the facts alleged in the complaint and all facts necessarily incidental thereto (*Paduveris* v. *Paris,* 213 Cal. 169, 172 [1 P.2d 986]). The otherwise fatal hiatus in the proof of respondent's case may not be thus supplied. ■ "It is an established principle of law that admissions implied from the default of one defendant ordinarily are not binding upon a codefendant who, by answering, expressly denies and places in issue the truth of the allegations thus admitted by the absent party (citations)" (*Miller* v. *Keegan,* 92 Cal.App.2d 846, 852 [207 P.2d 1073]). ■ In such state of the record, the problem comes within the ambit of the court's declarations in *Garcia & Maggini Co.* v. *Colvin,* 53 Cal.App. 79, 84 [199 P. 1113]: "There was no evidence that plaintiff knew that Colvin had acted as agent for his wife in other matters. If such knowledge was had before the trial, it is apparent that plaintiff did

not act upon it when executing the contract. Furthermore, if it had that knowledge, it was plainly negligent in dealing with the husband as principal. To bind the defendant Jennie Colvin as an undisclosed principal it was necessary to prove that Peter Colvin was in fact her agent and that he had authority to execute the contract for her, or that his act was ratified by her. This plaintiff failed to do.''

Even if it be assumed that Walter acted as his wife's agent and facts warranting a judgment against Mrs. Stults were proved, then a judgment would be proper against the latter as the true obligor, but not against her husband (*Ewing* v. *Hayward,* 50 Cal.App. 708, 717 [195 P. 970]). In short, while it may have been proper for respondent to sue both principal and agent, it was necessary for it to elect, at some time prior to judgment, the person against whom it was going to take judgment. The required request for such election (*Klinger* v. *Modesto Fruit Co., Inc.,* 107 Cal.App. 97, 103 [290 P. 127]) was seasonably made by appellants in the nature of a motion for nonsuit, and it is not contended that the form of such motion did not put respondent on notice that an election was being demanded. Accordingly, having prosecuted its claim to judgment against a party, after learning that such party was assertedly acting as the agent of another in the transaction upon which the action was based, such conduct might well be construed as an election to hold the agent alone (*McDevitt* v. *Charles Corriea & Bros.,* 70 Cal.App. 245, 257 [233 P. 381]). The fact that the default of Mrs. Stults was entered prior to trial would not alter the situation, since the entry occurred before the issue of agency had been settled by the findings and may not be regarded as an election to hold the principal (*McEwen* v. *Taylor,* 106 Cal. App.2d 25, 30 [234 P.2d 754]). In this latter connection, the following observations from *Klinger* v. *Modesto Fruit Co., Inc., supra,* 107 Cal.App. 97, 103, are pertinent: ''An election before the rendition of judgment might not accord with the court's view of the relationship as disclosed by the evidence. A premature choice might result in an erroneous selection and a total loss of a valid claim. Conflicting evidence regarding the liability of the agent or his principal would require the affirmance of a judgment at variance with the election. . . . It would seem to be a wiser and better rule of procedure, where there is an issue or doubt as to the relationship of a principal and agent, to require a motion for election to be made, and even then to hold the motion under advisement

until the liability and relationship of the respective parties has been determined; and then render judgment accordingly. If both are found to be liable because of the relationship of agent and principal, then the court should direct an election to be made and render judgment accordingly.'' Unless there be another theory, presently to be discussed, upon which the trial court's action can be upheld, it was error under the circumstances to have rendered judgment against both appellants.

Arguing that the trial court properly refused to require an election, respondent points to the allegation in its complaint that ''defendant, Walter Stults, *for himself* and as agent for the defendant, Genie H. Stults, entered into a conditional sales contract'' with plaintiff; it is further pointed out that the answer of Mr. Stults, although denying that he acted as his wife's agent, failed to include a denial that he entered into the contract *''for himself.''* It is contended, therefore, that respondent, at the time in question, knew of the agency and in so contracting intended to hold both appellants, and that Mr. Stults in turn intended to bind both himself and his wife. (*Marshall* v. *Bernheim,* 64 Cal.App. 283 [221 P. 401].) The difficulty with this argument lies in the fact that no evidence was offered to indicate the parties' intentions, wholly unlike the situation in *Coughlin* v. *Blair,* 41 Cal.2d 587 [262 P.2d 305], *Sumner* v. *Flowers,* 130 Cal.App.2d 672 [279 P.2d 772], and *Marshall* v. *Bernheim, supra,* 64 Cal.App. 283, where extensive proof was forthcoming. Too, no findings were made to the effect that all three parties intended to be personally bound. While liability against both appellants might have been predicated on the theory of a joint venture, there was no finding that Mr. and Mrs. Stults were joint venturers as to this particular transaction.

The question remains as to what disposition should be made of the present proceeding. For reasons already stated, there now stands an unimpeached judgment against Mrs. Stults; however, the theory on which the trial court gave judgment against Mr. Stults finds no clear support in the present state of the record. The judgment against appellant Walter Stults is therefore reversed and the cause remanded to the trial court with instructions that from the evidence taken, as well as additional evidence which the court may for good cause permit to be introduced, the court make findings sufficient to settle the issues of fact presented and to thereafter render judgment

accordingly. The judgment against appellant Genie H. Stults is affirmed.

Wood, P. J., and Fourt, J., concurred.

The petition of appellant Genie H. Stults for a rehearing was denied January 19, 1960.