[Civ. No. 9753.   Third Dist.   Jan. 13, 1960.]

JOHN R. VOY, Respondent, v. DAN SHELLEY, Appellant.

*Assigned by Chairman of Judicial Council.

H. A. Dannenbrink for Appellant.

Samuel R. Friedman for Respondent.

WARNE, J. pro tem.*—This is an appeal from a money judgment entered upon a verdict for plaintiff in an action for assault and battery. The jury awarded plaintiff $500 general damages and punitive damages in the sum of $3,000, but no special damages.

The complaint, in the charging part, alleges: "That on or about the 28th day of August, 1956, . . . the defendant wrongfully, unlawfully, and violently assaulted and beat the plaintiff, and defendant struck plaintiff in and about the face fracturing plaintiff's jaw and causing injury to his left eye, and numerous contusions and abrasions about the plaintiff's face and head." The prayer is for special and general damages. Punitive damages are not mentioned.

In its instructions to the jury, the trial court included the following instruction:

"It is a rule, in a case of this kind, that, when an assault is wanton, unprovoked, causeless, with a desire to hurt, to gratify anger or malice, the jury, if they think the actual damages awarded are not sufficient punishment, are warranted in adding to the actual damages such a sum as punitive damages, which, taken together with the actual damages, will afford a sufficient punishment to the person who has done the wrong. Whether you will add punitive damages or not is left solely to the discretion of the jury."

As grounds for reversal of the judgment defendant contends that the giving of the instruction on exemplary damages and the award of exemplary damages was error since the issue was not raised in the pleadings, nor by the evidence, and further that the instruction as delivered was erroneous.

In support of defendant's first contention that "The giving of an instruction on exemplary damages and the award of exemplary damages was error because the issue was

---

*Assigned by Chairman of Judicial Council.

not raised by the pleadings" defendant cites the case of *Lorenz* v. *Hunt*, 89 Cal.App. 6 [264 P. 336], as being the leading case on the subject. However, as pointed out by plaintiff, that case has been expressly overruled by the Supreme Court in *Vaughn* v. *Jonas*, 31 Cal.2d 586 [191 P.2d 432]. In the Vaughn case the allegations raised in the issue of malice were identical with the allegations raising the issue in the *instant* case, i.e., the complaint alleged that "the defendant wrongfully, unlawfully and violently assaulted" the plaintiff, etc., and the grounds urged for a reversal were substantially the same as urged in the instant case. It was held that such allegations were sufficient to raise the issue of malice, the court saying, at page 603:

"It is obvious that the plaintiff in pleading that 'the defendant wrongfully, unlawfully and violently *assaulted* the plaintiff by firing at plaintiff a loaded revolver, the bullets from which passed through plaintiff's abdomen and other parts of his body, causing serious and severe wounds to plaintiff' (italics added), has actually pleaded a battery (Pen. Code, § 242) rather than a mere assault (Pen. Code, § 240). While the verb 'assaulted' is inaccurately used in its technical legal sense, the meaning of the pleader is made clear by the context. 'The words "malice" and "maliciously" import a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law.' (Pen. Code, § 7, subd. 4.) 'A malicious and guilty intent' is to be conclusively presumed 'from the deliberate commission of an unlawful act, for the purpose of injuring another.' (Code Civ. Proc., § 1962, subd. 1.) It seems to us that the charge that defendant committed on plaintiff a battery by gunshot 'wrongfully, unlawfully and violently,' necessarily imputes to defendant 'a wish to . . . injure another person' and 'an intent to do a wrongful act.' Malice, therefore, is inferentially pleaded."

Furthermore, in the instant case the jury's finding of implied malice is supported by the evidence that without provocation appellant violently struck respondent, calling him a son-of-a-bitch, and that after respondent fell to the ground appellant kicked him. In fact, the appellant testified that he intentionally kicked plaintiff in the "belly" after he struck him in the head and jaw.

Again quoting from the *Vaughn* case, *supra,* page 606, the court said:

". . . The fact that exemplary damages finds no express

mention in the prayer of the complaint does not preclude the allowance of such damages upon a *contested* trial. . : . Insofar as the language or holding of the Lorenz case may be deemed to contain implications inconsistent with the views herein expressed it is disapproved.'' (Emphasis added.)

Not only did the complaint allege facts sufficient to warrant an award of exemplary damages as hereinabove mentioned but the evidence also supports such an award. Nor is there any merit in appellant's contention that ''The instruction as delivered was erroneous.''

Lastly the case of *Gudarov* v. *Hadjieff*, 38 Cal.2d 412 [240 P.2d 621], also relied upon by defendant is of no help to him. In that case the award was based on a default judgment. In a default case a prayer for general relief will not support a damage award which is not contained in the prayer. (*Vaughn* v. *Jonas, supra.*)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.