[Civ. No. 10609.   Third Dist.   Sept. 30, 1963.]

VINCENT C. NEMETH, Plaintiff and Respondent, v. AR-
THUR L. TRUMBULL, Defendant and Appellant.

Ralph E. Kingston and Melvin L. Beauchamp for Defendant and Appellant.

Hoseit & Luther for Plaintiff and Respondent.

FRIEDMAN, J.—Defendant Arthur L. Trumbull appeals from a judgment taken against him and others after his default had been entered. ■ Trumbull, Pankost, Blackburn and plaintiff Nemeth entered into a contract for the sale of land in which they had common interests and for a division of the profits by specified percentages. The land was sold. On December 30, 1960, Nemeth filed a complaint "for accounting, declaratory relief, and damages," naming the other three parties as defendants. The complaint alleged that the property was sold to various purchasers; that defendant Pankost had collected payments from the purchasers in amounts not known to the plaintiff; that Pankost had collected money as trustee for plaintiff and the other defendants and had refused and failed to account for said sums. The complaint stated "That defendants E. M. BLACKBURN and ARTHUR L. TRUMBULL are named herein only for the purpose of naming all parties who have an interest in said property and neither of said defendants have [*sic*] collected any of the monies due plaintiff."

The prayer sought judgment against Pankost requiring him to account to Nemeth for all monies received under the contract, that Nemeth have judgment against Pankost for any sums found due, that a receiver be appointed to receive and distribute to the parties all future payments in proportion to their ownership interests, and for "declaratory relief and the court declare the right and duties of plaintiff and defendants herein ... and such other and further relief as the court deems just and proper."

Trumbull was served but did not answer the complaint and his default was entered on August 4, 1961. Later the action was dismissed as to Blackburn. Pankost filed an answer, the case went to trial, and judgment in favor of plaintiff Nemeth was entered on June 13, 1962. The judgment directed division between Nemeth and Pankost of a specified amount in a bank deposit. It then provided: "The remaining balance of funds on deposit in said bank *or in possession of defendant* ARTHU.. L. TRUMBULL are to be divided as follows, to wit:

   (a)   54 1/3% to plaintiff VINCENT C. NEMETH;

    (b)   12 1/2% to defendant ARTHUR L. TRUMBULL;

    (c)   8 1/6% to defendant EARLE F. PANKOST;

    (d)   25% to E. M. BLACKBURN.'' (Italics added.)

Another portion of the judgment directed the parties to execute all necessary documents and checks in order to carry out its provisions.

On July 10, 1962, less than a month after entry of the judgment, Trumbull received a letter from plaintiff's attorney enclosing a copy of the judgment, informing him that he had failed to account to the parties' joint bank account for payments collected by him since November 1961 and that unless he did so within three days he would be cited for contempt. Within a few days after receipt of this letter, Trumbull appeared in this action by counsel and filed a notice of motion to set aside the default and default judgment. A supporting affidavit averred that after service of the complaint upon him Trumbull had consulted with counsel who had advised him that no judgment adverse to him could be entered as a result of the complaint and that he had then decided not to appear in the action.

The motion to vacate the judgment and default was filed less than two months after entry of the judgment, but approximately a year after the default. The trial court denied the motion. Trumbull then filed this timely appeal from the judgment itself.

█ A defendant may appeal from a default judgment taken against him. (*Gudarov* v. *Hadjieff*, 38 Cal.2d 412 [240 P.2d 621]; *Jameson* v. *Simonds Saw Co.*, 144 Cal. 3 [77 P. 662]; *J. M. Wildman, Inc.* v. *Stults*, 176 Cal.App.2d 670 [1 Cal.Rptr. 651].) His attack is confined to jurisdictional matters and fundamental pleading defects. (*Reed Orchard Co.* v. *Superior Court*, 19 Cal.App. 648 [128 P. 9, 18]; *Lester* v. *Beer*, 74 Cal.App.2d Supp. 984 [168 P.2d 998].) █ Trumbull's point on appeal is that the judgment secured by Nemeth imposes liabilities on him in excess of the relief described in the complaint.

A court has jurisdiction to render a judgment only in the way authorized by statute. Code of Civil Procedure section 580 declares: ''The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint. . . .'' The statutory theory is that a defaulting defendant must be given notice of the maximum relief sought in the action, otherwise he is deprived of his day in court. When a court gives greater relief against a defaulting

defendant than that demanded by the prayer of the complaint, it is acting to that extent in excess of its jurisdiction, and the judgment is to that extent void. (*Gudarov* v. *Hadjieff, supra,* 38 Cal.2d at p. 415; *Burtnett* v. *King,* 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333].)

We fully accept Trumbull's contention. The complaint named Pankost alone as the defendant who had received the parties' money and Pankost alone as the defendant who had failed and refused to account for money. The complaint did not charge Trumbull with any breach of contract or trust; on the contrary, it specifically stated that he was joined *only* for the purpose of naming all the parties in interest. So drawn, the complaint breathed soporific assurances that it meant no financial harm to Trumbull, that it would indeed profit him by requiring Pankost to account for money due him as well as the others. Lulled into lethargy by such assurances, Trumbull was perfectly justified in sitting back and permitting the lawsuit to develop without let or interference. Having induced his absence, Nemeth then submitted a judgment requiring Trumbull to pay money. The judgment imposed liability on Trumbull without notice and opportunity to defend. The net result is unmitigated unfairness of the very sort which section 580, Code of Civil Procedure, is designed to prevent.

Nemeth's counsel suggests that the prayer for declaratory relief put Trumbull on notice of potential claims against him. The complaint, however, described no controversy whatever between Nemeth and Trumbull. In the absence of charging allegations, the prayer for declaratory relief was completely abstract as to Trumbull. As a means of alerting him to the protection of threatened interests, it was no more effective than a prayer for general relief. (See *Gudarov* v. *Hadjieff, supra,* 38 Cal.2d at p. 416.)

Although the above discussion disposes of the substantive issue, there are some lurking procedural problems. Possibly the trial judge rejected the motion to vacate because it was not made within the six-month period permitted by Code of Civil Procedure section 473. The general rule has it that the six-month period runs from the date of default and not from the date of the judgment taken thereafter. (*Solot* v. *Linch,* 46 Cal.2d 99, 105-106 [292 P.2d 887]; *Wyoming Pacific Oil Co.* v. *Preston,* 171 Cal.App.2d 735 [341 P.2d 732].) Reason for the rule is that vacation of the judgment alone would be an idle act; if the judgment is set aside the

default would remain and permit immediate entry of another judgment giving the plaintiff the relief to which his complaint entitles him. (*Howard Greer etc. Originals* v. *Capritti,* 35 Cal.2d 886, 888 [221 P.2d 937].) The reason for the rule disappears where the objective of the motion is to vacate a portion of the judgment in excess of that demanded by the complaint. An order granting the motion would not permit a second judgment of a similar character because such a judgment is in excess of that sought by the complaint. Possibly, then, in a case such as this, the six-month period should be computed from the date of the judgment rather than the default. It is not necessary, however, to premise relief on section 473. ■ That portion of the judgment granting excess relief is void on the face of the record and is vulnerable to collateral attack. (*Burtnett* v. *King, supra,* 33 Cal.2d 805.) Consequently it may be set aside on motion independently of section 473, with no fixed limit on the time within which the motion must be made. (*Craft* v. *Craft,* 49 Cal.2d 189 [316 P.2d 345] ; *Capital Bond & Investment Co.* v. *Hood,* 218 Cal. 729 [24 P.2d 765] ; *People* v. *City of Barnes* 105 Cal.App. 618 [288 P. 442] ; 3 Witkin, California Procedure, p. 2117.) Consequently, whatever may be the time limit under section 473, the trial court had power to grant the motion.

We have power to modify the judgment without remand. Auxiliary portions of the judgment, however, appear to be based simultaneously on the valid portion granting relief against Pankost and the invalid portion granting relief against Trumbull. Thus modification of the judgment might not be possible through a process of mechanical excision. Modification of this judgment can be more readily accomplished at the trial court level.

The judgment is reversed as to defendant Trumbull and the cause remanded to the trial court for further proceedings consistent with this opinion.

Pierce, P. J., and Schottky, J., concurred.