[Civ. No. 749. Fifth Dist. Mar. 8, 1967.]

JAMES Y. LEE et al., Plaintiffs and Respondents, v. SKI RUN APARTMENTS ASSOCIATES et al., Defendants and Appellants.

294

William Wear Clark for Defendants and Appellants.

William Caietti for Plaintiffs and Respondents.

CONLEY, P. J.—The defendants served with process appeal from that portion of a default judgment which awards $7,171 to the plaintiffs. While somewhat unusual, a defendant may appeal from such a judgment (*Gudarov* v. *Hadjieff*, 38 Cal.2d 412 [240 P.2d 621]; *Jameson* v. *Simonds Saw Co.*, 144 Cal. 3 [77 P. 662]; *J. M. Wildman, Inc.* v. *Stults*, 176 Cal.App.2d 670 [1 Cal.Rptr. 651]; *Nemeth* v. *Trumbull*, 220 Cal.App.2d 788, 790 [34 Cal.Rptr. 127]) on jurisdictional grounds or because of basic defects in pleadings.

The theory of the appeal is that the prayer of the complaint fails to request a money judgment against any defendant (*American Securities Co.* v. *van Loben Sels*, 13 Cal.App.2d 265, 269 [56 P.2d 1247]), and, consequently, that such portion of the judgment is absolutely void under the fundamental restrictive provision of section 580 of the Code of Civil Procedure, which lays down the iron-clad rule: ''The relief granted to the plaintiff, if there be no answer cannot exceed that which he shall have demanded in his complaint; . . .''

A defaulting defendant has the statutory, and indeed the constitutional, right to be advised by the complaint of the maximum relief sought in the action; greater relief than that set forth in the prayer of the pleading is forbidden by law, and when such relief is nevertheless granted by a trial court it is in excess of jurisdiction, and void. (*Burtnett* v. *King*, 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]; *Gudarov* v. *Hadjieff, supra,* 38 Cal.2d 412; *P. A. Lamping & Co.* v. *Hyatt*, 27 Cal. 99, 102-104; *Swycaffer* v. *Swycaffer*, 44 Cal.2d 689, 692-693 [285 P.2d 1]; *Looper* v. *Looper*, 222 Cal.App.2d 247, 251-253 [34 Cal.Rptr. 912]; *Craft* v. *Craft*, 49 Cal.2d 189, 193 [316 P.2d 345]; *Cochrum* v. *Cochrum*, 162 Cal.App.2d 825, 829 [328 P.2d 1000]; *Lang* v. *Lang*, 182 Cal. 765, 768 [190 P. 181].)

The complaint was filed by James Y. Lee and Mae W. Lee, his wife, and Thomas S. Lee and Mary J. Lee, his wife, to recover on an assigned promissory note for $65,000 originally given to James R. Keller and Meredyth Keller, his wife, on January 17, 1964, by Ski Run Apartments Associates consisting of Edward H. Bobson and Sidney Eiger, copartners. The pleading alleges that this trust deed was a second lien on the subject land in El Dorado County, subsequent to the first lien of another trust deed executed by James R. Keller and Meredyth Keller, his wife, as joint tenants, to Central Valley Security Company in the sum of $320,000, that the defendants, under the second trust deed, owed a duty to pay 10 days before default any encumbrance or charge, which constituted a first lien, and that the defendants wholly failed to do so. It is further alleged that under the provisions of the deed of trust, a copy of which is attached to the complaint and marked "Exhibit A": ". . . the beneficiaries are authorized to collect the profits of said realty during the continuance of said Default." The complaint also avers that on or about the 28th day of May, 1964, plaintiffs served and recorded a notice of default, said default being occasioned by the neglect of defendants to pay the prior encumbrance.

It is further stated:

". . . that Plaintiffs demanded that the Defendants apply the profits of the realty pursuant to the Deed of Trust . . . to the encumbrance upon said real property; that the Defendants refused and still refuse to apply the said profits of said realty; that the Defendants are converting the said profits of said realty to their own use in contravention to the terms of

said Deed of Trust set out in Exhibit A; that the profits of said realty amount to the sum of FIVE THOUSAND ($5,000.00) DOLLARS per month and that Plaintiffs will suffer irreparable damage unless said profits are applied to the prior encumbrance.

"That it is necessary that the profits of said realty be collected and applied toward the amount due on the prior existing encumbrance in order that the Default of said prior encumbrance can be cured."

Paragraph XII reads:

"That the Defendants are in actual possession of said realty; that said realty has constructed thereon a multi-unit apartment dwelling used for the renting of living quarters for various tenants; that the renting of said apartment units to the tenants is the business of said Defendants; that the profits derived from the rental and the collection thereof by the beneficiaries will not interfere with the operation of said business."

The prayer of the complaint is as follows:

"WHEREFORE, Plaintiffs pray that the Court enter judgment that Plaintiffs be entitled to the profits of said realty during the continuance of the Default;

"That judgment be entered that the Defendants be ordered to specifically comply with the agreements contained in said Deed of Trust;

"That a receiver of the rents and profits be appointed ex parte and permanently thereafter to apply the said rents and profits to the existing encumbrances upon said real property; and

"For such other and further relief as to the Court may seem meet and proper in the premises." The deed of trust, which, in an analysis of the pleadings, must be preferred over any contrary allegations in the complaint which do not find support therein (*Alphonzo E. Bell Corp.* v. *Bell etc. Syndicate,* 46 Cal.App.2d 684, 691 [116 P.2d 786]), shows that it was executed on the 17th day of January, 1964, between Ski Run Apartments Associates, a partnership, as trustor, Inter-County Title Co., a California corporation, as trustee, and James R. Keller and Meredyth Keller, his wife, as beneficiary; the trustor grants in trust to the trustee certain described land in El Dorado County, "together with all appurtenances in which Trustor has any interest, including water rights benefiting said realty whether represented by shares of a company or otherwise; and profits of said realty, reserving, however,

the right to collect and use the same except during continuance of default hereunder and during continuance of such default authorizing Beneficiary to collect and enforce the same by any lawful means in the name of any party hereto. For the purpose of securing: (1) Performance of each agreement of Trustor incorporated by reference or contained herein; (2) payment of the indebtedness evidenced by one promissory note of even date herewith in the principal sum of $65,000.00 payable to Beneficiary or order; (3) the payment of any money that may be advanced by the Beneficiary to Trustor, or his successors, with interest thereon.''

█ Under the authorities, when a trust deed merely ''includes the rents as a portion of the property pledged to secure a debt, only a security interest passes and until a beneficiary obtains lawful possession, the trustor in possession may collect and retain the rents as they fall due.'' (*Malsman* v. *Brandler*, 230 Cal.App.2d 922, 923-924 [41 Cal.Rptr. 438].) The rule is thus laid down in *Childs etc. Co.* v. *Shelburne Realty Co.*, 23 Cal.2d 263, 268 [143 P.2d 697]: ''It is settled that where a mortgage or deed of trust contains a clause which merely includes the rents as a portion of the property pledged to secure a debt, only a security interest passes. And until a mortgagee obtains lawful possession, the mortgagor in possession may collect the rents as they fall due. Or, to put it another way, the mortgagee must actually acquire possession of the mortgaged property by consent or lawful procedure or must secure the appointment of a receiver in order to perfect his claim to the rents.''

Again, it is observed in *Kinnison* v. *Guaranty Liquidating Corp.*, 18 Cal.2d 256, 260 [115 P.2d 450]: ''The common law doctrine which entitled a mortgagee to possession of the mortgaged property has no application in states where the mortgagee has merely a lien as security for his debt. [Citation.] It is established in this state, therefore, that the mortgagor is entitled to possession of the mortgaged property [citations] and to the rents accruing from such property.'' The opinion in the latter case points out that there may be a special agreement between a mortgagor and mortgagee, or between a trustor and trustee, which effects an absolute assignment of rents; but there is no such absolute assignment in this case. █ Under a trust deed of this kind the plaintiffs have no right to hold the defendants liable for a money judgment for rents or profits received by them while they had possession of the premises after default. (See also *Freeman* v. *Campbell,*

109 Cal. 360 [42 P. 35]; *Belcher* v. *Aaron,* 8 Cal.2d 180, 182 [64 P.2d 402]; *Casey* v. *Doherty,* 116 Cal.App. 42 [2 P.2d 495]; *Snyder* v. *Western Loan & Bldg. Co.,* 1 Cal.2d 697 [37 P.2d 86]; *Meadows* v. *Snyder,* 209 Cal. 270 [236 P. 1012].)

■ It is impossible to escape the conclusion that that portion of the judgment which awards $7,171 to the plaintiffs as against the appealing defendants is absolutely void, and, of course, as such it is vulnerable even to collateral attack. (*Burtnett* v. *King, supra,* 33 Cal.2d 805, *Nemeth* v. *Trumbull, supra,* 220 Cal.App.2d 788, 792; 1 Witkin, Cal. Procedure (1954) Jurisdiction, § 135, pp. 397-398; 3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 4, p. 2047, § 65, p. 2117.)

Respondents' attempted support of that part of the judgment is, in many particulars, irrelevant. Counsel points out the obvious fact that the claimed default on the part of the appellants was in their failure to pay sums which were owed to the first lienholder at least 10 days before they became due. That observation has nothing to do with the result here. The default is conceded through appellants' failure to answer the complaint. But it does not help to determine the question at issue, namely, whether the complaint asks for a money judgment against defendants. The case of *Reed Orchard Co.* v. *Superior Court,* 19 Cal.App. 648, 662 [128 P. 9, 18], cited by respondents, enunciates the right of a defaulting defendant to appeal from a judgment on questions of jurisdiction and the sufficiency of the pleadings. And *Kennard* v. *Binney,* 62 Cal. App. 732 [217 P. 808], reaches the conclusion that the prayer in that complaint was sufficient to cover water stock which the pleading had shown to be appurtenant to the land. Neither case is helpful to respondents.

Nowhere in the prayer of the complaint is there a specific request for a money judgment. The first part of the prayer referred to by respondents may be construed to be no broader than the terms of the trust deed itself, which pledges the profits, after default, as further security for the payment of the note and the performance of the requirements of the deed of trust. There was no absolute assignment of the rents or profits, and there was nothing about the deed of trust itself, which operated ipso facto to transfer title of these rentals to the plaintiffs. In order to secure a right to these monies, the plaintiffs, under our law as hereinbefore examined, had to secure possession of the realty by stipulation or otherwise, or through the appointment of a receiver.

The last part of the prayer: "For such other and further relief as to the Court may seem meet and proper in the premises," is not sufficient to fill the gap in the request for judgment. (*Gudarov* v. *Hadjieff, supra,* 38 Cal.2d 412, 416; *Metropolitan Life Ins. Co.* v. *Welch,* 202 Cal. 312, 315 [260 P. 545]; *Staacke* v. *Bell,* 125 Cal. 309, 312-313 [57 P. 1012].)

As is said in *Nemeth* v. *Trumbull, supra,* 220 Cal.App.2d 788, 792: "Modification of this judgment can be more readily accomplished at the trial court level."

The judgment is reversed only as to the provision requiring payment to plaintiffs of $7,171 by the defendants in accordance with this opinion, and the cause is remanded to the trial court for further proceedings with directions to eliminate said portion of said judgment.

Stone, J., and Gargano, J., concurred.