[Civ. No. 843.   Third Appellate District.—November 8, 1911.]

## M. BRANDT, Respondent, v. CHRIS SALOMONSON, Appellant.

ACTION TO DISSOLVE PARTNERSHIP—ACCOUNTING—COMPLAINT SHOWING INDEBTEDNESS IN ROUND NUMBERS—POWER OF COURT TO FIND EXACT AMOUNT.—In an action to dissolve a partnership and obtain an accounting, where the complaint sets forth facts showing an indebtedness from defendant to plaintiff in the round numbers of $4,500, such estimate is in its nature approximate, and cannot preclude the court from finding the exact condition of the account, and that the amount to be paid by defendant to plaintiff to equalize the account is the total sum of $4,574.31.

ID.—EVIDENCE RECEIVED WITHOUT OBJECTION TO SUSTAIN FINDING—
OBJECTION TO VARIANCE WAIVED UPON APPEAL.—Where evidence
was received without objection to sustain the finding of the court
as to the exact condition of the account, and defendant does not
dispute the correctness of the figures on which the finding was
based, it is too late for the defendant to object on appeal for
the first time that the finding is at variance with the allegations
of the complaint.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Austin Lewis, and R. M. Royce, for Appellant.

F. V. Meyers, for Respondent.

BURNETT, J.—The action was for dissolution of partnership and for an accounting. The only controversy relates to the finding of the court that: "Defendant has taken and appropriated to his own use and against the wish and without the consent of plaintiff, of the moneys and property of said partnership, exceeding the proportion thereof to which he was or is entitled, all as alleged in plaintiff's said complaint, money and property aggregating in value four thousand five hundred and thirty-four dollars and seventy-three cents." The contention of appellant is that plaintiff has alleged in his complaint that defendant appropriated $6,000 belonging to the firm, and since he was entitled to one-half of it as an equal partner, plaintiff is limited to a judgment for the recovery of only $3,000 against defendant. But in this appellant is in error. The allegation of the complaint is that: "The defendant applied to his own use, from the receipts and profits of said business, large sums of money, greatly exceeding the proportion thereof to which he was entitled, to wit, in the aggregate, the sum of three thousand dollars, more or less, . . . and tools, building material and machinery belonging to said partnership, to which he was not entitled, aggregating in value the sum of three thousand dollars more or less." As far as the allegation concerning the money is concerned, it is thus to be seen that the theory

of the complaint is that defendant has appropriated $3,000, more or less, more than he is entitled to, or, in other words, to which plaintiff is entitled. Conceding that the averment as to the tools, etc., should be interpreted as claimed by appellant, it would leave $1,500 of their value to be paid to plaintiff, which, with the other $3,000, would be substantially the amount of the judgment in favor of plaintiff. But it is apparent that the amount stated in the complaint is intended to be only an approximation of the indebtedness of defendant, and the allegations should not be held to preclude the court from finding the exact condition of the account. Indeed, it is too late for appellant to make the point, since the evidence as to the whole amount appropriated by defendant was received without objection, and respondent points out in the record substantial support for the conclusion that the amount unaccounted for by defendant is $9,833.65 and by plaintiff the sum of $739.04. The aggregate is $10,572.69. Of this it is apparent that each is entitled to $5,286.34. Subtract this last sum from the sum unaccounted for by defendant and the balance is $4,547.31, which defendant should pay to plaintiff to equalize the account. Respondent's figures are not disputed by appellant, and, upon an examination of the transcript, we cannot say that they are incorrect. The judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.