[Sac. No. 3775. In Bank.—February 28, 1927.]

## A. H. VAUGHAN, Respondent, v. J. S. CALDWELL, Appellant.

[1] PARTNERSHIP—PLEADING—ALLEGATION OF VIOLATION OF PARTNERSHIP AGREEMENT—ACCOUNTING AND DISSOLUTION.—In a suit by one partner against another, an allegation in the complaint of a violation of the partnership agreement justifies an accounting and dissolution.

[2] ID.—COMPENSATION OF PARTNERS—FINDINGS—SUFFICIENCY OF EVIDENCE.—In this action between partners, it is held that the evidence was sufficient to sustain a finding of the trial court that the plaintiff gave his entire time to the partnership business and was entitled to compensation as agreed upon.

[3] ID.—ADVANCES BY PARTNERS—REIMBURSEMENT.—In an action between partners, where it is admitted by the pleadings that the plaintiff and the defendant were to share the losses and the profits equally between them, if the plaintiff advanced more money for the partnership than the defendant did, there was an implied

1. See 20 Cal. Jur. 801; 20 R. C. L. 856.
3. Partner's right to maintain suit at law for contributions for advances or loans made by him to firm, note, 21 A. L. R. 45.

contract that the defendants would repay their proportion of the money advanced.

[4] ID.—INTEREST—TIME.—In an action between partners, where the evidence is sufficient to sustain a finding that it was agreed that plaintiff should receive interest on moneys advanced by him to the partnership, plaintiff is entitled to interest up to the time of the dissolution of the partnership.

[5] ID.—PAYMENT OF INTEREST—TIME.—Where there is an express agreement between partners to pay interest on advances made by one partner to the partnership to a certain date, no general rule as to an implied agreement therefor has any application.

(1) 4 C. J., p. 735, n. 25, 27; 30 Cyc., p. 655, n. 3, p. 732, n. 45, 47. (2) 30 Cyc., p. 736, n. 72.    (3) 30 Cyc., p. 441, n. 3, p. 691, n. 50, p. 692, n. 58, p. 693, n. 62.    (4) 30 Cyc., p. 699, n. 15, p. 736, n. 72. (5) 30 Cyc., p. 443, n. 12, 14, p. 699, n. 15.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

John G. Covert and Frank Lamberson for Appellant.

J. L. C. Irwin for Respondent.

LANGDON, J.—Plaintiff brought this action as a member of a partnership against the other two members of such partnership. It was alleged that the partnership was formed in February, 1918, for the purpose of doing general highway and street construction work and that it continued to transact business as such partnership until March 1, 1921; that the parties to said partnership were to share the losses and divide the profits of the business equally between them; that it was mutually agreed that defendant Caldwell should devote all his time and attention to the partnership business, and that the plaintiff and the defendant Applegarth were to devote all the time and attention that was necessary to the transaction of said partnership business and that the plaintiff and each of the defendants were to receive a specified monthly salary for such time as was devoted by each of said partners to the partnership business; that the plaintiff gave his entire time and attention to said partnership business from on or about May 1, 1918, to March 1, 1921, and that

plaintiff received no salary for said services, although each of the defendants were paid the full amount due them for their services rendered said partnership; that plaintiff has paid out and expended for and on account of said partnership business large sums of money, to wit, $35,372, in excess of the money paid and expended by defendants, and that said defendants promised and agreed to repay two-thirds of said sum of $35,372, to wit, the sum of $23,581.33 on demand, together with interest thereon at the rate of eight per cent per annum until paid, and that no part of said sum has ever been paid.

There are further allegations to the effect that defendant Caldwell violated the terms of the partnership agreement by failing to devote all his time and attention to said partnership business and by securing contracts for work in his own name, and specific instances of such failure are set forth.

The prayer was that an account be taken of all the partnership dealings and transactions from the time of the commencement thereof to the date of the action; that the property of said partnership be sold and the partnership debts and liabilities be paid and any surplus divided among the plaintiff and the defendants according to their respective interests and that plaintiff have judgment against defendants for the sum of $23,581.33, together with interest thereon at the rate of eight per cent per annum until paid, and for the sum of $4,450 salary, and for general relief.

Defendant Applegarth failed to answer and his default was entered. Defendant Caldwell answered, admitting the formation of a partnership, but denying that this partnership continued as such later than about February 20, 1921. The answer also alleged that the partnership was wholly and completely dissolved by mutual consent and agreement of plaintiff and defendants on or about February 19, 1921. Denial is made of plaintiff's allegations that he had devoted his entire time to the partnership business between the dates named and of other matters in the complaint relating to advancement of moneys by plaintiff. It is alleged that at the time of the alleged dissolution of said partnership, all the property of said partnership was delivered by defendants to plaintiff in complete settlement, satisfaction, discharge, and adjustment of all the business and accounts of said partnership and said property was so received by plain-

tiff; that the partnership has no further property or assets, but that all its property and assets remained in the possession of plaintiff from the time of the dissolution of the partnership until it was disposed of by said plaintiff for his own use and benefit.

When the case came on for trial, the plaintiff asked for the appointment of a referee to take an accounting, which application was opposed by defendant and appellant upon the ground that a complete dissolution, accounting, and settlement had been had on or about February 20, 1921. Testimony was offered on behalf of the parties upon this issue and the trial court held that no accounting had been had and that an accounting was necessary. A referee was appointed to try the issues in the accounting of the business operations and to report his findings to the court. After taking testimony for weeks, and examining books and accounts, the referee reported his findings to the court. The evidence before the referee upon which his findings are based is not before this court in the transcript of appeal. All presumptions, therefore, are in favor of the findings. The defendant excepted to the findings of the referee and the court proceeded to take testimony upon the disputed items. Thereafter, the trial court modified one paragraph of the findings of the referee so as to include an obligation upon the part of defendants to pay interest to plaintiff at the rate of eight per cent per annum on all sums of money advanced by plaintiff to said partnership from the date of advancement, which interest was estimated in the findings at $17,787.13.

[1] It is first contended by the appellant that the complaint does not state a cause of action for an accounting and that the demurrer thereto should have been sustained. We think this objection is without merit. The particular attack made upon the complaint is that it does not allege a dissolution of the partnership. There were allegations of violations of the partnership agreement by defendant Caldwell and such an allegation was held, in *Bremner* v. *Leviatt,* 109 Cal. 130 [41 Pac. 859], to justify an accounting and dissolution. In this case it was said:

"It was, therefore, proper for plaintiff to allege the violation by defendants of their obligation in this regard as one of the grounds of his action, and upon which he desired an

accounting; and the fact that the breach of this obligation by the defendants resulted in damage to the plaintiff does not constitute it a separate cause of action at law for damages, as contended by respondents. Such damages are but an incident of the general cause of action assigned. Partners cannot sue one another at law for any breach of the duties or obligations arising from that relation. This can only be done in chancery by asking a dissolution and accounting, and, if damages accrue from any cause in such proceeding, they must be adjusted by some appropriate method in that tribunal.'' In the case of *Brandt* v. *Salomonson*, 17 Cal. App. 395 [119 Pac. 946], the action was brought for a dissolution and an accounting.

[2] Appellant objects to the finding of the court that the plaintiff gave his entire time and attention to the partnership business from about May 1, 1918, to March 1, 1921, and has received no salary from said partnership for such services except the sum of $1,200, and that there is now due plaintiff the sum of $4,725, and that each of said defendants is indebted to plaintiff for one-third thereof. It was found—and this finding is not attacked—that the said plaintiff and each of the defendants were to receive a salary of $150 per month for such time as was devoted by each of said copartners to said copartnership business, and that thereafter, on or about the fifteenth day of November, 1918, it was mutually agreed between the said partners, that each of said copartners should receive for his services the sum of $200 per month thereafter, from said copartnership business.

There is ample testimony in the record to sustain the finding of the referee and of the court that plaintiff was entitled to salary between the dates named. It is true that there was a period of several months when the partnership was not actively engaged in construction work because it had completed all its contracts. During that period plaintiff and defendant Caldwell traveled around attempting to secure new contracts and while the work at that time was perhaps not as regular and constant as at other periods, nevertheless, Caldwell drew his full salary for that period and it does not appear that plaintiff neglected any work which there was for him to do in connection with said business. There appears no reason, therefore, why he should not be remuner-

ated upon the same basis as the other two partners during the interim when the partnership was searching for new work.

[3] It is objected that there is no evidence to sustain the finding that the defendants agreed to repay to plaintiff two-thirds of his advances for the partnership business. It is admitted by the answer that the plaintiff and defendants were to share the losses and divide the profits of the partnership equally between them. Therefore, it follows as a matter of course, that since they were to share the losses and divide the profits equally, if the plaintiff advanced more money than the defendants, there was an implied contract that the defendants would repay their proportion of the money advanced. Furthermore, the finding under consideration is sustained by the testimony of defendant Applegarth that the plaintiff and defendants entered into a partnership to build roads, streets, etc., and that they were to "split" the profits or losses three ways, one-third each.

[4] It is contended that the evidence is insufficient to support the finding of the court that the defendants agreed to pay interest to the plaintiff upon moneys advanced by him. There is considerable testimony in the record on this question. It is not all direct and conclusive testimony, but taken together, we think it amply supports the finding. Plaintiff testified about the meeting between the partners when the terms and conditions of the partnership were discussed and he stated that the defendants had promised to pay him eight per cent on the money he advanced. There was other testimony by this same witness and also by the defendant Applegarth to the effect that plaintiff stated he would have to borrow money at eight per cent interest and would have to receive that much upon it and that this was acquiesced in by the defendants.

Appellant contends that interest upon the advances made by plaintiff should have ceased on February 20, 1921, when the partnership ceased to do any business. Authorities are cited to the effect that where there is an agreement to pay interest upon capital contributed by one of the partners, such interest ceases with the dissolution of the firm. There are two sufficient answers to the contention made. First, the trial court adopted the finding of the referee that "it is not true that said copartnership was by mutual consent and

200 Cal.—37

agreement of the plaintiff and the defendants, on or about the 20th day of February, 1921, at the City of Coalinga, County of Fresno, State of California, wholly and completely or at all dissolved." It was also found that the plaintiff was entitled to a dissolution of the partnership as of the date of the findings. It would appear, therefore, that by applying the rule relied upon by appellant, interest should be allowed to date of the findings and judgment, the date of the dissolution of the partnership.

[5] The second answer to appellant's contention is that the reasoning of the authorities upon which he relies and which allow no interest upon advances after dissolution is based upon the theory that the agreement between the parties was to pay interest during the time when the advances were earning money in the business. This reasoning can have no place where there is an express agreement of the parties to pay interest to a different date, and in the instant case it was found by the trial court that the defendants promised and agreed to repay to plaintiff two-thirds of the advances which he made for the business "together with interest on all sums of money advanced from the date of advancement at the rate of eight per cent per annum *until paid.*" In the face of this express agreement, no general rules governing implied agreements have any application.

The other findings of the trial court respecting the property and assets of the partnership find support in the record, and it is unnecessary to set forth herein the evidence appearing in the transcript.

The judgment is affirmed.

Preston, J., Curtis, J., Shenk, J., Richards, J., Waste, C. J., and Seawell, J., concurred.