[Civ. No. 57465. Second Dist., Div. Two. June 3, 1980.]

SYLVIA NICHOLSON, Plaintiff and Respondent, v.
MASON ROSE et al., Defendants and Appellants.

458

COUNSEL

Nichols & Rose and Mason H. Rose V for Defendants and Appellants.

W. L. Zeltonoga for Plaintiff and Respondent.

OPINION

**FLEMING, Acting P. J.**—Defendants Mason Rose and Pacific Institute for Advanced Studies (PIAS) appeal a default judgment against them and the denial of their motion to vacate the judgment (Code Civ. Proc., § 473).

## FACTS

Plaintiff Sylvia Nicholson, interested in community affairs, met defendant Rose in 1971 during the course of pursuing this interest. Rose told her he was an ordained minister, that he and his organization, Pacific Institute for Advanced Studies (PIAS), shared her interest in community affairs. Rose induced plaintiff to lend PIAS $23,500, to enable PIAS to purchase certain real property (the Easterday property).

He promised her check would not be cashed until her attorney approved the transaction, the money would be used solely for the purchase of the Easterday property, and the loan would be secured by a trust deed on the property. He also promised to look after and protect her interests.

These promises were not kept. Plaintiff's check was cashed without her attorney's approval; the Easterday property was never purchased; the loan was never secured or repaid. As a consequence, plaintiff filed this action in 1974 for breach of contract and fraud against Rose and PIAS.

Discovery in this cause was long and arduous, principally because of defendants' dilatory tactics. Specifically, Rose and PIAS objected to all of plaintiff's interrogatories on spurious grounds, and were overruled. Plaintiff granted defendants five extensions of time to answer the interrogatories. Additionally, Rose's deposition was continued twice at his request, and when he finally appeared for the deposition, he did so without counsel, thereby hampering the proceedings. At the trial setting conference plaintiff notified the court in advance that any trial date selected by defendants would be acceptable to her, and defendants set the mandatory settlement conference for January 24, 1978, and trial for February 15, 1978. Thereafter, defendants failed to appear at either proceeding. Upon defendants' failure to appear at trial, the court ordered default judgment against both defendants for compensatory damages of $32,000 (the $23,500 loan, plus attorney's fees) and for punitive damages of $10,000. Thereafter, defendants moved to vacate the judgment (Code Civ. Proc., § 473) on grounds of excusable neglect of counsel and of intrinsic fraud upon the court by plaintiff. The trial court denied the motion.

DISCUSSION

Defendants have two contentions on appeal: (1) The trial court erred in denying defendants' motion to vacate the judgment because (a) their failure to appear was due to excusable neglect, (b) plaintiff committed intrinsic fraud upon the court, and (c) they have meritorious defenses to assert at a new trial. (2) The evidence was insufficient to support the judgment, both the award of compensatory and of punitive damages.

1. California Code of Civil Procedure section 473 allows a court, upon such terms as may be just, to relieve a party from a judgment tak-

en against him through mistake, inadvertence, surprise, or excusable neglect. ■ Defendants claim their failure to appear for trial was due to excusable neglect of their counsel. Specifically, they assert that as a result of counsel's defective intraoffice communication the dates for the mandatory settlement conference and for the trial were inadvertently left off counsel's office calendar. But it appears at bench that defendants pursued a course of dilatory tactics and spurious objections throughout the litigation. Further, they themselves set the date for trial. The disposition of a motion to vacate a judgment under Code of Civil Procedure section 473 lies within the discretion of the trial court, and each such disposition depends upon the particular facts of the cause. (*Pearson* v. *Continental Airlines* (1970) 11 Cal.App.3d 613, 617 [89 Cal.Rptr. 853].) Under the facts at bench we think the trial court acted within its discretion in denying the motion to vacate the judgment.

■ Defendants next assert the default judgment was obtained through intrinsic fraud upon the court. Specifically, defendants assert plaintiff assigned her cause to another in 1975, and thus had no standing to obtain judgment. The evidence does not support their contention. Plaintiff did attempt to assign her claim in 1975 to J. A. Maillian, a person who had some undisclosed connection with the defendants, but a condition of the assignment required Maillian to pursue this litigation. Maillian never fulfilled this condition, and the assignment, apparently one for collection, never became effective. In our view, plaintiff did not commit intrinsic fraud by failing to inform the court of this ineffective assignment.

As their final point to the section 473 motion defendants contend they have meritorious defenses to assert upon retrial. The first such defense is the assignment to Maillian. As noted above, this contention appears to be without merit. Defendants' second defense is that the debt to plaintiff is owed by Island Nation Corporation and not by defendants. This contention is refuted by the evidence. Defendant Rose admitted in his deposition that PIAS was to acquire the Easterday property and was to secure the loan. Further, PIAS' financial statement acknowledged its obligation (though understated) to plaintiff. Moreover, it appears that Rose attempted earlier to induce plaintiff to accept Island Nation as obligor in the place of PIAS at a time Island Nation was defunct and had been suspended from doing business.

2. Defendants next assert the evidence was insufficient to support a judgment for breach of contract and for fraud.

■ Rose, on PIAS' behalf, induced plaintiff to lend PIAS $23,500, promising not to cash the check without plaintiff's attorney's approval, to use the loan solely for the purchase of the Easterday property, to secure the loan with a trust deed on the purchased property, and to personally protect plaintiff's interests. The evidence shows that plaintiff advanced the money, but defendants kept none of these promises, in that the check was cashed without the approval of plaintiff's attorney, the loan was never secured, and the Easterday property was never purchased. This evidence sufficed to prove breach of contract.

■ Defendants next challenge the sufficiency of the evidence to support an award of punitive damages for fraud against either Rose or PIAS. With respect to Rose, intentional misrepresentation may be inferred from the circumstances. (*Universal By-Products, Inc.* v. *City of Modesto* (1974) 43 Cal.App.3d 145, 151 [117·Cal.Rptr. 525].) Rose induced plaintiff to advance money in reliance on his integrity, representing that he would look out for her interests. Once he obtained the money, he made no attempt to comply with his promises. A confidential relationship exists when trust and confidence are reposed by one person in the integrity and fidelity of another. (*Credit Managers Assn.* v. *Superior Court* (1975) 51 Cal.App.3d 352, 360 [124 Cal.Rptr. 242].) Constructive fraud arises from a breach of duty in a confidential relationship. At bench, the evidence was sufficient to find the existence of a confidential relationship between plaintiff and Rose and a breach of fiduciary duty by Rose, a species of fraud. With respect to PIAS, retention of the proceeds amounts to knowing ratification of Rose's fraud, conduct which is sufficient to support a judgment for fraud. (*Coats* v. *Construction & Gen. Laborers Local No. 185* (1971) 15 Cal.App.3d 908, 915-916 [93 Cal.Rptr. 639].) Defendants also attack the award of punitive damages on the ground of lack of the malice required for punitive damages under Civil Code section 3294. It suffices to note that section 3294 specifically authorizes punitive damages for "fraud, or malice, express or implied." And fraud itself implies malice. (*Horn* v. *Guaranty Chevrolet Motors* (1969) 270 Cal.App.2d 477, 484 [75 Cal. Rptr. 871].) Thus, the award of punitive damages is supported by evidence of both fraud and implied malice.

## DISPOSITION

■ Nevertheless and in spite of the force of the foregoing legal reasoning, default judgments, especially those in which punitive damages

are awarded, are looked upon with disfavor. (*Slusher* v. *Durrer* (1977) 69 Cal.App.3d 747, 753 [138 Cal.Rptr. 265].) Additionally, although plaintiff's counsel was not legally obligated to contact opposing counsel when the latter failed to appear for trial, custom and professional courtesy dictate that he should. At bench, the evidence whether or not plaintiff's counsel attempted to contact counsel for defendants when the latter failed to appear at trial is inconclusive. In this state of uncertainty of the records mitigation becomes appropriate.

Accordingly, on condition that within 10 days of the date of this decision defendants pay plaintiff $5,000 as damages for wasted time, unnecessary expense, and aggravation caused by dilatoriness, the judgment is reversed, and the cause is remanded to the trial court with directions to vacate its denial of a new trial and enter a new and different order granting a new trial. If proof of such payment is not filed with the clerk of this court within 10 days of the date of this decision, the judgment is affirmed.

Compton, J., and Beach, J., concurred.