[No. C003747. Third Dist. Oct. 30, 1990.]

MICHAEL ELY, Plaintiff and Respondent, v.
MARCUS C. GRAY, JR., Defendant and Appellant.

COUNSEL

Price, Price, Brown & Halsey and W. Z. Jefferson Brown for Defendant and Appellant.

Marsh, Marsh, Volpe & Molin and William S. Volpe for Plaintiff and Respondent.

OPINION

NICHOLSON, J.—This case presents the meeting of two discordant legal principles. Plaintiff received a default judgment for $44,618.44 in an action for the dissolution and accounting of two partnerships he formed with defendant. Defendant was provided with no notice of any amount of money which plaintiff claimed he was owed. Defendant appeals arguing the legal principle that a default judgment is void when the defendant is given no notice of the amount claimed. Plaintiff counters with the legal principle that the nature of an accounting is such that an amount cannot be specified and

specification of a precise amount may be grounds to deny the action. We resolve the conflict in defendant's favor and reverse.[1]

## PROCEDURAL BACKGROUND

■ ■ ■ 2.) The complaint filed by plaintiff on September 17, 1986, alleges the formation of two partnerships and asks for dissolution and an accounting of both of them.[2] Neither the body of the complaint nor the prayer for relief specifies or estimates a sum due plaintiff. Defendant did not answer the complaint.

Plaintiff requested a default judgment on October 30, 1986, and, again, did not specify the amount of money he sought. At a hearing on July 10, 1987, the court ordered entry of the default, heard testimony from plaintiff detailing the sums he claimed were due him, and granted the judgment as requested. Approximately one month later, on August 12, 1987, the court rendered a final judgment for plaintiff for $44,618.44.

## DISCUSSION

■ In general, the law favors a hearing on the merits. (*Slusher* v. *Durrer* (1977) 69 Cal.App.3d 747, 753 [138 Cal.Rptr. 265].) However, when defendant fails to answer, demur, or give notice of certain other motions not applicable here, the plaintiff is entitled to a default judgment. (Code Civ. Proc., § 585, subd. (b).) Plaintiff must file an affidavit with the court stating that a copy of the application for entry of default has been mailed to defendant or his attorney. (Code Civ. Proc., § 587.) The court, after taking evidence from the plaintiff, renders judgment in favor of the plaintiff for relief not exceeding that demanded in the complaint. (Code Civ. Proc., §§ 580, 585, subd. (b).) ■ An entry of a default judgment which exceeds the relief requested is an act beyond the court's jurisdiction; this issue may be raised for the first time on appeal. (*National Diversified Services, Inc.* v. *Bernstein* (1985) 168 Cal.App.3d 410, 417 [214 Cal.Rptr. 113]; *Nemeth* v. *Trumbull* (1963) 220 Cal.App.2d 788, 790 [34 Cal.Rptr. 127].)

---

[1] Defendant also argues the judgment, if not void, fails to comply with Corporations Code section 15040 which establishes the rules for an accounting upon dissolution of a partnership. Since we find merit in defendant's first argument, we do not reach the details of the accounting conducted.

[2] The complaint states a second cause of action for breach of contract. This cause of action is not further mentioned by the court or the parties. The lack of further mention of this cause of action appears appropriate since "[p]artners cannot sue one another at law for any breach of the duties or obligations arising from that relation. This can only be done in chancery by asking a dissolution and accounting, . . ." (*Bremner* v. *Leavitt* (1895) 109 Cal. 130, 132 [41 P. 859].)

In *Greenup* v. *Rodman* (1986) 42 Cal.3d 822 [231 Cal.Rptr. 220, 726 P.2d 1295], the California Supreme Court addressed the issue of mandatory notice to a defaulting defendant in the context of default as a discovery sanction. ■ The court discussed the importance of notice: "We conclude that due process requires notice to defendants, whether they default by inaction or by wilful obstruction, of the potential consequences of a refusal to pursue their defense. Such notice enables a defendant to exercise his right to choose—at any point before trial, even after discovery has begun—between (1) giving up his right to defend in exchange for the certainty that he cannot be held liable for more than a known amount, and (2) exercising his right to defend at the cost of exposing himself to greater liability. To this end, as the court noted in *Jones*, 'The rules governing default judgment provide the safeguards which ensure that defendant's choice is a fair and informed one.' [*Jones* v. *Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 928 (206 Cal.Rptr. 924).]" (At p. 829.)

The court found the notice requirement to be absolute: "[N]o matter how reasonable an assessment of damages may appear in the specific case, we cannot open the door to speculation on this subject without undermining due process—a protection to which every defendant is entitled, even one as obstreperous and as guilty of reprehensible conduct as this defendant." (*Greenup, supra*, 42 Cal.3d at p. 829.)

A due process requirement of notice of the degree of financial liability of a defaulting defendant has been consistently applied over time. (See, e.g., *In re Marriage of Wells* (1988) 206 Cal.App.3d 1434, 1437-1439 [254 Cal.Rptr. 185]; *Devlin* v. *Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 386 [202 Cal.Rptr. 204]; *Lee* v. *Ski Run Apartments Associates* (1967) 249 Cal.App.2d 293, 295 [57 Cal.Rptr. 496]; *Taliaferro* v. *Davis* (1963) 216 Cal.App.2d 398, 408-409 [31 Cal.Rptr. 164].)

On the other side of this case are the principles of an accounting. ■ ■ ■ ■ Although there are cases where default judgments have been entered in actions for accountings (see, e.g., *Weiss* v. *Blumencranc* (1976) 61 Cal.App.3d 536 [131 Cal.Rptr. 298]), we have found no case which attempts to rectify the seemingly absolute requirement of notice to the defendant with the required vagueness of an accounting. ■ [3] "If an action

---

[3] Plaintiff attempts to argue without supporting authority that this judgment is exempt from the notice requirements since it is "not a personal judgment against defendant." The court concluded the accounting by finding defendant owed plaintiff the sum of $44,618.44. At defendant's request and for clarity of discussion, we take judicial notice of a subsequent complaint filed by plaintiff in Butte County Superior Court seeking judgment against defendant in the amount of $44,618.44. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

We need not decide if a personal judgment was entered against defendant as a result of the accounting or whether this later action is required. The effect of the lack of notice to

is for an amount which is unliquidated and unascertained and which cannot be determined without an accounting, it is a suit in equity. [Citations.] If a complaint sets forth all the facts necessary for the calculation of an account between the parties, recovery may be had in an action at law. [Citations.] A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. [Citations.] An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain. [Citation.]" (*St. James Church* v. *Superior Court* (1955) 135 Cal.App.2d 352, 359 [287 P.2d 387]; see also *Kinley* v. *Thelen* (1910) 158 Cal. 175, 182-183 [110 P. 513].)

■ These principles seem at first glance to catch a plaintiff in a bind where he is due no accounting if a sum is specified and cannot receive a default judgment if a sum is not specified. Since the final result of a partnership accounting is the determination of an amount of money or property one person is due from another, we do not find the notice requirement is satisfied by the specification of an accounting as the *type* of relief requested.

Actually, a plaintiff is not as restricted from including figures in a complaint requesting a partnership accounting as the general principles of accounting would indicate.[4] When a partnership is dissolved, an accounting is the normal course of affairs since any partner has a statutory right to an accounting, absent a contrary agreement, as against the partner winding up the affairs or continuing the business. (Corp. Code, §§ 15021, 15022, 15043.) Such actions often include an estimate of the amount of money due the complaining party although an absolute amount is not specified. (See *Civic Western Corp.* v. *Zila Industries, Inc.* (1977) 66 Cal.App.3d 1, 14-15 [135 Cal.Rptr. 915]; *Adam* v. *Obarr* (1932) 123 Cal.App. 36, 37 [11 P.2d 11]; *Brandt* v. *Salomonson* (1911) 17 Cal.App. 395, 396-397 [119 P. 946].)

Thus, there is possible a situation, not presented here, where the plaintiff is able to receive a default judgment after requesting an accounting and with adequate notice to the defendant of the amount sought. A plaintiff may be able to include in the complaint or prayer for relief an estimate of the amount due him, be willing to be bound by that amount, and receive a default judgment limited to that amount. Such a situation seems to satisfy

---

defendant would be the same. Since a default judgment is res judicata as to all issues tendered in the complaint (*Martin* v. *General Finance Co.* (1966) 239 Cal.App.2d 438, 443 [48 Cal.Rptr. 773]), the amount of money from the accounting would not be subject to challenge in a later action.

[4] The two cases cited for general accounting principles involve actions other than partnership accountings (*Kinley, supra,* 158 Cal. 175 [an action between debtor and creditor]; *St. James Church, supra,* 135 Cal.App.2d 352 [an action between a church and one of its trustees]).

the due process notice requirement as well as the accounting requirement that plaintiff not be able to figure a specific amount.

Here, however, we are presented with a different situation where neither the complaint, the prayer for relief, nor the request for entry of a default specified any amount of money which the plaintiff sought to prove was due him. Under the principles of an accounting, no specific amount should be required. However, due process requires notice of the limits of financial liability for a defaulting defendant. As pointed out by the defendant, plaintiff could have specified an amount before entry of the judgment since plaintiff offered proof to the court of the amount due. (Code Civ. Proc., § 585, subd. (b).)

The Legislature has addressed an analogous situation concerning the notice due a defaulting defendant when the requested relief is not specified in the complaint. ■ A complaint requesting damages for personal injury or wrongful death cannot, by statute, state the amount sought. (Code Civ. Proc., § 425.10.) The purpose of this rule is "to protect the defendants from adverse publicity resulting from inflated demands, particularly in medical malpractice cases. [Citation.]" (*Jones* v. *Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 928 [206 Cal.Rptr. 924].) Before a default may be taken against such a defendant, however, he must have received notice from the plaintiff of the amount and nature of the damages sought to be recovered. (Code Civ. Proc., § 425.11.) Failure to give the defendant notice before the default is entered results in a reversal. (*Jones* v. *Interstate Recovery Service, supra*, 160 Cal.App.3d at pp. 929-930; *Plotitsa* v. *Superior Court* (1983) 140 Cal.App.3d 755, 761-762 [189 Cal.Rptr. 769]; *Stevenson* v. *Turner* (1979) 94 Cal.App.3d 315, 319-320 [156 Cal.Rptr. 499].) The notice must allow sufficient time before the hearing on the entry of default for the defendant to respond. (*Connelly* v. *Castillo* (1987) 190 Cal.App.3d 1583 [236 Cal.Rptr. 112] [27 days before filing for default judgment sufficient]; *Plotitsa* v. *Superior Court, supra*, at p. 761 [30 days to respond to the statement of damages required].)

■ The conundrum for a plaintiff who is unable to specify an amount in the prayer to which he is willing to be limited in the case of a default is thus solved. By analogy to the statutes on wrongful death and personal injury damages and in recognition of the mandatory notice to a defaulting defendant of the degree of his liability, we find a plaintiff who seeks an accounting has the solution of postcomplaint and predefault notice to the defendant of the amount plaintiff will seek to prove due him if the defendant defaults. As with Code of Civil Procedure section 425.11, the notice must be given with adequate time for the defendant to respond before a default is entered. We do not find such a requirement burdensome since a plaintiff

must be able, as this plaintiff was, to prove some level of defendant's financial liability to receive an award of damages upon default. (Code Civ. Proc., § 585, subd. (b).) This solution was available to plaintiff and common sense should have led him to act accordingly even without any awareness of the illustrative procedures of Code of Civil Procedure section 425.11. (See *Nicholson* v. *Rose* (1980) 106 Cal.App.3d 457, 462-463 [165 Cal.Rptr. 156].)

The default judgment here was in excess of the court's jurisdiction in that it held defendant accountable to plaintiff for a sum of money of which defendant had no prior notice. Unable to specify this sum of money in the complaint requesting an accounting, the plaintiff was required to give notice to the defendant before the default was entered.

### DISPOSITION

We affirm the judgment in part and reverse in part. The court (1) dissolved the partnerships as requested and (2) conducted an accounting, determined an amount of money due plaintiff, and entered a judgment therefor without prior notice to defendant of that, or any other, amount. The portion of the default judgment decreeing the dissolution of the partnerships is affirmed. The court's action in conducting an accounting, determining the amount of $44,618.44, and entering a judgment therefor was improper. The grant of relief not demanded in the complaint was in excess of the court's jurisdiction. (See *Nemeth* v. *Trumbull, supra*, 220 Cal.App.2d at pp. 790-791.) Accordingly, the accounting and determination therein of $44,618.44 are set aside and the portion of the judgment for $44,618.44 is reversed. Each party is to bear his own costs on appeal.

Marler, Acting P. J., and Scotland, J., concurred.