959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Steve STROWSKI; Margaret H. Strowski, Debtors.
Steve STROWSKI, Appellant,
v.
MASTER CUTTING AND ENGINEERING COMPANY, Appellee.
 No. 87-6566.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided April 1, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steve Strowski appeals pro se the Bankruptcy Appellate Panel's ("BAP") denial of his motion to reconsider its decision affirming the bankruptcy court's dismissal of his adversary proceeding in his Chapter 11 bankruptcy proceeding.[1] The BAP affirmed the bankruptcy court's conclusion that the adversary proceeding was barred by res judicata based on a previous state court judgment. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and affirm.
 
 
 3
 We review de novo the legal conclusions of the bankruptcy court and the BAP. Cimarron Investors v. WYID Properties (In re Cimarron Investors), 848 F.2d 974, 975 (9th Cir.1988). Bankruptcy courts must give the same res judicata effect to judgments rendered in other forums as would the courts of the forum where the judgment was rendered. Allen v. McCurry, 449 U.S. 90, 105 (1980); Comer v. Comer (In re Comer), 723 F.2d 737, 739 (9th Cir.1984).
 
 
 4
 Here, Strowski failed to make payments on a promissory note secured by two machine tools. The holder of the promissory note, Master Cutting and Engineering Co. ("Master Cutting"), brought an action on the note in state municipal court and obtained default judgment. Master Cutting then sold the machine tools in partial satisfaction of the judgment. Two years later, Strowski filed for Chapter 11 bankruptcy. Strowski then brought this adversary proceeding, seeking title to the machine tools and compensatory damages for their sale.
 
 
 5
 Strowski's adversary proceeding is an attempt to collaterally attack the state court judgment long after it has become final. See In re Comer, 723 F.2d at 739. Under California law, a default judgment is final and res judicata as to all issues raised in the complaint. See Ely v. Gray, 224 Cal.App.3d 1257, 1262 n. 3, 274 Cal.Rptr. 536, 539 n. 3 (1990). Thus, the state court judgment in favor of Master Cutting operates as res judicata on Strowski's adversary claim. See id. Accordingly, the BAP correctly affirmed the bankruptcy court's dismissal of Strowski's action.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe Strowski's motion for rehearing as a Fed.R. Civ.P. 59(e) motion. Accordingly, we have jurisdiction to consider the merits of the underlying judgment. See Juanarena v. Nicholson (Matter of Nicholson), 779 F.2d 514, 515 (9th Cir.1985)