978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rick WATTERS, Plaintiff-Appellant,
v.
Michael MCINNIS, Hon.; Glen A. Deronde, et al., Defendants-Appellees.
 No. 91-16203.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 6, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rick Watters appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action challenging certain state court judgments, the constitutionality of California's lis pendens statute, and alleging abuse of the lis pendens process. The district court found that it lacked jurisdiction to review the state court judgments and that Watters's remaining claims are barred by res judicata. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On January 8, 1988, Watters purchased a home at a foreclosure sale. The home originally belonged to Tony and Marjorie Stinnett, who continued to reside there following the foreclosure sale. On February 2, 1988, Watters brought an unlawful detainer action against the Stinnetts in Solano County California Municipal Court. While that action was pending, the Stinnetts filed a complaint in superior court against Watters to set aside the foreclosure sale, to quiet title to the home, and for declaratory relief and damages. Watters demurred to the claim to set aside the foreclosure sale and the superior court overruled the demurrer. Watters also demurred to the quiet title claim and the court sustained this demurrer. Watters failed to file an answer to the Stinnetts complaint, and after a hearing on the matter on April 20, 1990, a default judgment was entered against Watters.
 
 
 5
 On May 18, 1990, Watters filed the present action against five superior court judges, a superior court staff attorney, a county clerk, and the Stinnetts' attorney. Watters alleges that (1) the defendants violated 42 U.S.C. § 1983 by conspiring to deprive him of the "right of a meaningful hearing in a meaningful manner" on his demurrer, (2) defendant staff attorney performed the duties of a judge by allegedly issuing a tentative ruling on Watters's demurrer and thus violated 42 U.S.C. § 1983 by depriving him of the right to have the demurrer decided by a judge, (3) California's lis pendens statute is unconstitutional and the lis pendens process was "misused" by defendants, and (4) the default judgment entered against him was erroneous.
 
 
 6
 Defendants moved to dismiss Watters's complaint for failure to state a claim. The district court found that it lacked jurisdiction to review Watters's procedural and constitutional challenges to the state court proceedings, including the legality of the default judgment. The court also found that Watters's claims that California's lis pendens statute was unconstitutional, and that defendants abused the lis pendens process, were barred by the doctrine of res judicata.
 
 II
 Merits
 A. Standard of Review
 
 7
 We review de novo the district court's dismissal of an action for lack of subject matter jurisdiction. Reebok Int'l Ltd. v. Marnatech Enter., Inc., 970 F.2d 552, 554 (9th Cir.1992). The district court's dismissal on res judicata grounds is also reviewed de novo. E. & J. Gallo Winery v. Gallo Cattle Co., 955 F.2d 1327, 1334 (9th Cir.1992).
 
 B. Discussion
 1. Jurisdiction
 
 8
 "Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts." MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987). Therefore, a federal district court has no subject matter jurisdiction to review a state court's final judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). The federal district court also lacks jurisdiction to review those elements of the plaintiff's complaint that are "inextricably intertwined" with the state court's decision. Id. at 486-87. The jurisdictional bar applies even if the state court's judgment is challenged on federal constitutional grounds in a 42 U.S.C. § 1983 action. Worldwide Church of God v. McNair, 805 F.2d 888, 891, 893 n. 4 (9th Cir.1986).
 
 
 9
 Here, Watters raises evidentiary, jurisdictional and procedural challenges to the hearing held in state superior court on his demurrer to the Stinnetts' complaint. Watters also seeks review of the default judgment entered against him in state court. Because adjudication of these claims clearly would require the district court to review the state court proceedings, the district court did not err by dismissing the claims for lack of jurisdiction. See Feldman, 460 U.S. at 486; McNair, 805 F.2d at 891, 893 n. 4.
 
 2. Res Judicata
 
 10
 Where a federal constitutional claim is based on the same asserted wrong as a state action and the parties are the same, res judicata will bar the federal constitutional claim, even if that claim was not asserted specifically in state court. 28 U.S.C. § 1738; Trujillo v. County of Santa Clara, 775 F.2d 1359, 1363 (9th Cir.1985); see also Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988) (federal court must apply res judicata rules of particular state that issued the judgment).
 
 
 11
 Under California law, res judicata precludes a plaintiff from litigating a claim if (1) the claim relates to the same "primary right" as a claim in a prior action, (2) the prior judgment was final and on the merits, and (3) the plaintiff was a party to the prior action. Trujillo, 775 F.2d at 1366 (citing Slater v. Blackwood, 15 Cal.3d 791, 795, 543 P.2d 593, 594, 126 Cal.Rptr. 225, 226 (1975)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174-75, 197 Cal.Rptr. 612, 614 (1983). Under California law, a default judgment is final and res judicata as to all issues raised in the complaint. See Ely v. Gray, 224 Cal.App.3d 1257, 1262 n. 3, 274 Cal.Rptr. 536, 539 n. 3 (1990).
 
 
 12
 Here, Watters is seeking to challenge the default judgment entered against him by claiming that the California lis pendens statute is unconstitutional and that there was abuse of the lis pendens process. These claims clearly derive out of the Stinnetts' state court action to recover their property from Watters. Watters was required to raise these claims as affirmative defenses in the state court action. See Zimmerman v. Stotter, 160 Cal.App.3d 1067, 1073-75, 207 Cal.Rptr. 108, 112-13 (1984); Abstract Inv. Co. v. Hutchinson, 204 Cal.App.2d 242, 245-49, 22 Cal.Rptr. 309, 311-13 (1962). Therefore, Watters is precluded from litigating the claims in federal court. See Trujillo, 775 F.2d at 1363.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3